IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAMBREE ONIBOKUN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 4:17-cv-229 |
| | § | |
| MONTGOMERY INDEPENDENT SCHOOL DISTRICT, | § | A Jury is Demanded |
| | § | |
| Defendant. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

SHAMBREE ONIBOKUN, Plaintiff, files this Original Complaint and Jury Demand.

Plaintiff brings this action against the MONTGOMERY INDEPENDENT SCHOOL DISTRICT, (MISD), Defendant, under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III) ("FLSA"). This is an individual action by Plaintiff against his employer. Plaintiff seeks damages for unpaid overtime, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## PARTIES

1. Plaintiff SHAMBREE ONIBOKUN, was an "employee" of Defendant, as that term is defined by the FLSA. During his employment with the Defendant, the Plaintiff was individually and directly engaged in interstate commerce, and his work was essential to Defendant's business. Plaintiff, SHAMBREE ONIBOKUN resides in Tomball, Texas.

2. Defendant, MISD is a school district formed and existing under the law of the State of Texas and is authorized to conduct business in the State of Texas and at all times material this complaint, operate in Montgomery County, Texas. Defendant was Plaintiffs' "employer" as defined in 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1337 and 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, purchasing materials through commerce, transporting final products through commerce, and conducting transactions through commerce, including the use of phones and/or cell phones, electronic mail, and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce through

his use of materials purchased in interstate commerce. The Plaintiff's work was essential to Defendant's business.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within Montgomery County, Texas, and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

5. Plaintiff, SHAMBREE ONIBOKUN, worked for MISD from February 5, 2015, through January 24, 2017, as a school resource police officer. Up to March of 2016, Plaintiff was paid at the hourly rate of $20.00 per hour. Thereafter, Plaintiff was paid an annual salary of $45,000.00 per year, but not paid any overtime for his work in excess of 40 hours per workweek.

6. Plaintiff, SHAMBREE ONIBOKUN, performed duties including hall monitoring, investigations, security duties, and other duties related to the conduct of the students in the MISD.

7. Plaintiff, SHAMBREE ONIBOKUN's work required the he work in excess of forty hours in any given work week.

8. MISD does not pay Plaintiff, SHAMBREE ONIBOKUN time and a half for the hours performing ancillary duties. Instead, MISD pays a straight salary with no additional overtime premium.

## ALLEGATIONS

3

9. During some or all of the workweeks of his tenure with the Defendant, Plaintiff has worked in excess of 40 hours per week.

10. During the weeks of employment where Plaintiff worked more than 40 hours, Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

11. The Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

12. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

13. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

14. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

15. Plaintiff does not generally have access to Defendant's records and will provide additional detail after Defendant has provided records or initial disclosures have been made, if necessary.

16. At all times material to this Complaint, Defendant was the employer of the Plaintiff as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

17. Additionally, Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendant's business activities.

## CAUSE OF ACTION: VIOLATION OF THE FLSA OVERTIME PROVISION

18. Plaintiff incorporates all averments of fact into this Cause of Action for violation of the FLSA overtime provision.

19. Throughout Plaintiff's employment with Defendant, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

20. During one or more workweeks of Plaintiff's employment with Defendant, Plaintiff has worked more than forty (40) hours per week.

21. The Defendant is obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

22. Defendant did not pay Plaintiff the overtime rate for hours worked over forty (40).

23. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

24. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

25. Plaintiff also seeks compensation of recoverable expenses, costs of court, expert fees, mediator fees, and out-of-pocket expense incurred and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

26. Plaintiff has retained the law firm of Ross Law, P.C. to represent his in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff are entitled to collect from Defendants pursuant to 29 U. S. C. § 216(b).

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims that he has asserted in this Complaint.

## PRAYER FOR RELIEF

Plaintiff demands Judgment against Defendant for the following:

a. Awarding Plaintiff declaratory and/or injunctive relief as permitted by law or equity;

b. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

c. Awarding Plaintiff pre-judgment and post-judgment interest as provided by law, should liquidated damages not be awarded;

d. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

e. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted, January 25, 2017.

ROSS LAW GROUP

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621

Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com